# NO. 12-19-00310-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY DILLON SPENCER,* *APPELLANT* | § | *APPEAL FROM THE 1ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jeremy Dillon Spencer, acting pro se, filed a notice of appeal regarding his "motion to vacate judgment of conviction, request for appointment of counsel, and motion for bench warrant." According to the record, the trial court signed a judgment adjudicating guilt on May 29, 2013. In May 2019, Appellant filed his motion to vacate, request for appointment of counsel, and motion for bench warrant with the trial court. On September 15, he filed a notice of appeal with this Court.

On September 13, this Court notified Appellant that the notice of appeal failed to show the jurisdiction of the Court, namely, there is no final judgment and/or the order being appealed is not an appealable order. *See* TEX. R. APP. P. 37.2. We further notified Appellant that the appeal would be dismissed unless the information was amended on or before October 14 to show the jurisdiction of the Court. *See* TEX. R. APP. P. 44.3. On October 15, Spencer provided a response, in which he complains, in part, that the trial court refuses to enter judgment or hear his motions. He further states that he believed his case was pending on appeal.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). Moreover, a trial court generally has no duty to rule on "free-floating" motions unrelated to currently pending actions. *Lovelady v. State*, No. 12-18-00197-CR, 2019 WL 4196911, at *2 (Tex. App.—Tyler Sept. 4, 2019, no pet.) (mem. op., not designated for

publication).  In fact, a trial court has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case.  *Id*.  Here, as previously stated, Appellant's guilt was adjudicated on May 29, 2013 and the trial court denied his motion for rehearing in June 2013. Accordingly, the trial court's plenary power has expired and it lacked authority to consider the substance of Appellant's motions.  *See id*.  Under these circumstances, we lack jurisdiction to consider this appeal and, therefore, we **dismiss** Appellant's appeal for **want of jurisdiction**.  *See* TEX. R. APP. P. 43.2(f).

Opinion delivered October 17, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 17 2019

### NO. 12-19-00310-CR

**JEREMY DILLON SPENCER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 1st District Court

of San Augustine County, Texas (Tr.Ct.No. 13-8384)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*